**TOMLINSON v. SMITH, Collector of Internal Revenue.**

No. 7906.

Circuit Court of Appeals, Seventh Circuit.

April 22, 1942.

Carlton Fox, Samuel O. Clark, Jr., and J. Louis Monarch, Asst. Attys. Gen., for appellant.

Albert B. Chipman, of Plymouth, Ind., and Walter R. Arnold, of South Bend, Ind., for appellee.

Before SPARKS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

MAJOR, Circuit Judge.

This is an appeal from an interlocutory injunction, entered September 26, 1941, restraining defendant, as Collector of Internal Revenue, from issuing or serving any warrant or notice of distraint upon any of the customers of the Plymouth Manufacturing Company, or upon any person, firm or corporation owing said company, or the plaintiff, in his capacity as trustee, in possession of the business, property and choses in action of said company. The complaint, in addition to injunctive relief, prayed for a declaratory judgment.

The defendant contends that the proceeding is one to enjoin the collection of a federal tax and, therefore, prohibited by Section 3653, Title 26 U.S.C.A. Int.Rev. Code, which provides, so far as here material: " *   *   * No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court. *   *   *"

It is further contended that the court is without jurisdiction to declare the rights of the parties because Title 28 U.S.C.A. § 400 (the Declaratory Judgment Act) expressly excepts therefrom controversies as to fed-

eral taxes. It was upon this basis that the defendant, by its motion to dismiss, attacked the jurisdiction of the court to grant the relief sought. It therefore becomes essential to make some analysis of the situation as set forth in plaintiff's complaint.

The complaint is lengthy, but we think it necessary to refer only to the more important of its allegations. On October 10, 1938, the Plymouth Manufacturing Corporation entered into a lease with William H. Wolfarth, George E. Warren, Chester H. Thompson and Hubert Tanner, as lessees of certain real and personal property theretofore used by the corporation in the conduct of its business. On October 22, 1938, the said lessees entered into a partnership agreement with some 78 other persons, all of whom appear to have been former employees of the corporation. This partnership agreement, on November 7, 1939, was amended and 85 persons were named as partners. The lessees were designated as constituting the Board of Control for the partnership. On October 22, 1938, the said partnership, designated as the Plymouth Manufacturing Company, took charge and control of the property described in the lease with the corporation, and proceeded to operate the enterprise.

The Plymouth Manufacturing Corporation paid to the United States all Social Security excises and other levies up to January 1, 1939. The complaint sets forth in detail the situation by which it is claimed that all the persons were engaged in a partnership enterprise and were not liable for the Social Security tax. Subsequent to the formation of the partnership, funds, necessary to conduct the business, were borrowed, principally from the State Exchange Bank of Culver, Indiana. To secure such loans, the partnership, on December 11, 1939, executed a chattel mortgage which included accounts receivable from customers of the enterprise. This mortgage was recorded as required by Indiana law. By July 15, 1941, this mortgage was security for obligations in the amount of $65,160.12. On this date a contract was made between the partnership and the mortgagees by which the latter took possession of the business for the purpose of supervising its financial affairs.

About March, 1940, the Treasury Department of the United States, through the Commissioner of Internal Revenue, inaugurated a course of investigation to determine the liability of said partnership for

Social Security taxes. On November 20, 1940, the Deputy Commissioner of Internal Revenue ruled that all of the partners were employees except William H. Wolfarth, Hubert Tanner, George E. Warren and Chester H. Thompson, (lessees referred to heretofore) and that the latter constituted the Plymouth Manufacturing Company and, as such, were the only partners. A purported levy of Social Security taxes aggregating $8,000, together with penalties and interest, was made by the Commissioner of Internal Revenue upon the said four partners on the theory that all other partners were employees.

The complaint recites at length a proceeding pending in the Marshall Circuit Court of Indiana to determine the status of said partnership, in relation to the State Employment compensation law of that state. (It alleges that this proceeding involves the same question as that raised by the Commissioner of Internal Revenue as to Social Security taxes). The complaint alleges that plaintiff was designated as trustee by the mortgagees for the purpose of protecting the rights of the creditors, and especially the mortgagees. In such capacity, he was authorized to collect from the customers of the enterprise and apply such collections upon the debt owing the mortgagees.

It alleges that the defendant, as Collector of Internal Revenue, has persistently annoyed, harrassed, embarrassed, threatened and demoralized the business activities of the enterprise with threats of dire consequences unless such taxes and penalties were paid, and that on August 22, 1941, said Collector dispatched to all of the larger debtors of said enterprise a "final notice and demand," requiring each of them, and especially Bastian-Morley, Inc., to pay the Collector for the account of said enterprise more than $9,000 to be applied upon said alleged illegal and invalid taxes. Such debtors were also notified that unless they complied with such notice, proceedings would be instituted against them. It further alleges that after such notice, more than half of the customers refused to make remittances to the plaintiff for fear of expensive litigation, that the customers also refused to further do business with the enterprise, and that as a result, the business of the enterprise has been impaired and will be completely destroyed. It alleges that the mortgage lien of the plaintiff, as trustee under the chattel mortgage, is superior to any levies or claims of the defendant Collector, whether such levies be regarded as legal or illegal; that plaintiff is without any adequate remedy at law and that only a restraining order will afford proper relief.

Bastian-Morley, Inc., was made a party defendant as a representative debtor and customer of the enterprise. This company, under an interpleader, paid into the registry of the court the sum of $9,197.68 to abide the result of the suit. This was the amount of taxes claimed by defendant to be due and owing from the Plymouth Manufacturing Company. Another customer paid into the registry of the court $105.51 because of defendant's distraint notice. It thus appears that more money has been paid into the registry of the court than the amount of tax claimed by the defendant.

■ Thus we have a situation, according to the allegations of the complaint, wherein the defendant has levied a tax upon four individuals as the partners of Plymouth Manufacturing Company, on the theory that they were the employers, notwithstanding the allegation of the complaint that some 80 other persons were partners with the same status as those against whom the tax was levied. Furthermore, the defendant has proceeded in distraint against customers of the enterprise whose accounts, in the form of bills receivable, were included in, and covered by, the chattel mortgage given to secure creditors who loaned funds with which the business of the enterprise was conducted. No issue has been taken with the allegation that plaintiff, as mortgage trustee, acquired a valid lien on such accounts receivable long prior to any rights claimed by the defendant, and we must assume such allegation to be a fact.

No good purpose would be served in attempting to analyze the numerous cases dealing with the section of the Revenue Act in controversy. Defendant concedes that there are exceptional and extraordinary circumstances which will remove a case from the inhibition of the statute. It is argued, however, that no such circumstances exist in the instant matter. We are dubious of the validity of this contention, but more important, in our view of the matter, is the fact that plaintiff is not the alleged tax debtor. He sues in the capacity of a trustee for the purpose of protecting the mortgage lien on property which defendant is seeking to distrain in satisfaction of taxes claimed to be owing by the partnership.

■■ In Long v. Rasmussen, Collector, D.C., 281 F. 236, the court in construing the revenue provision in question, properly, so we think, makes a distinction between suits instituted by taxpayers and non-taxpayers. The former, so it is held, are within the scope of the inhibition, but the latter are not. To the same effect is Rothensies v. Ullman, 3 Cir., 110 F.2d 590, 592. The restraining order, as we understand, does not interfere with the right of defendant to proceed against a taxpayer or the one from whom the tax is alleged to be due. It merely restrains defendant's activities as to property on which the plaintiff has acquired a prior lien. Under the circumstances, we think the order was properly allowed. Our holding in this respect is, of course, predicated upon the issue raised by defendant's motion to dismiss. Whether the plaintiff, upon final hearing, can establish his prior lien so as to entitle him to a permanent injunction, is a matter for the further consideration of the District Court.

This brings us to the question of the court's jurisdiction to enter a declaratory judgment.

■ What we have said concerning the jurisdiction of the court to issue a restraining order is, as we view the matter, determinative of its jurisdiction to declare the rights of the parties relative thereto. It is unreasonable to think that a court with authority to issue a restraining order is without power to declare the rights of the parties in connection therewith. In other words, it is our view that the language which excepts federal taxes from the Declaratory Judgment Act is co-extensive with that which precludes the maintenance of a suit for the purpose of restraining the assessment or collection of a tax. It applies to a suit by a taxpayer, but not to a suit by a third party seeking to protect a lien claimed to be superior to that of the Collector, as in the instant case.

■ Furthermore, we think that plaintiff is without an adequate remedy at law to protect the rights of the mortgagees. It is obvious he could not maintain a suit for refund as could a taxpayer from whom a tax had been illegally collected. Defendant makes no such contention, but suggests two remedies: (1) That in the event defendant proceeds against Bastian-Morley, Inc., the latter may successfully defend by showing it is not indebted to the Plymouth Manufacturing Company, and (2) it is open to plaintiff to bring an action at law against Bastian-Morley, Inc., or any other of the debtors of the partnership, for the amounts of its indebtedness, in which action the Collector may be joined as party defendant and the title to the debt fully adjudicated. It is apparent that the former would afford plaintiff no remedy—in fact, he would not be a party to the suggested action. The latter proposes a suit by the plaintiff to which defendant would be a party for the purpose of adjudicating title to the debt. That is precisely what is sought to be adjudicated in the instant proceeding.

■ It does not follow, from what we have said, that the court has jurisdiction to enter a declaratory judgment as to the validity of the tax which defendant has sought to impose upon the partnership. We think that such a declaration is precluded by the exception contained in the Declaratory Judgment Act. Furthermore, the tax is not sought to be imposed upon the instant plaintiff and we doubt if he has such an interest as would permit him to maintain an action relative thereto.

The order of the District Court is affirmed.