AMERICAN HAWAIIAN S. S. CO. et al. v.
FISHER et al.
Civ. No. 4068.

United States District Court
D. Oregon.
May 14 and June 16, 1948.

Brobeck, Phleger & Harrison, Marion B. Plant, Robert E. Burns and Samuel L. Holmes, all of San Francisco, Cal., and Gunther F. Krause, of Portland, Or., for plaintiffs.

George Neuner, Atty. Gen., of Oregon, and Carlisle B. Roberts, Asst. Atty. Gen., of Oregon, for defendants.

McCOLLOCH, District Judge.

The State Tax Commission has never attempted to collect income taxes due from seamen by service of the Commission's warrants of distraint on seamen's employers. It was admitted at the argument that this could not be constitutionally done. It is difficult to see then how the employers can be made collectors for the Commission by a mere change in the wording of the statute. It would be withholding from the seamen's wages in both cases, contrary to the Federal statutes which are designed to obtain uniformity.

The plaintiffs may submit findings in accordance with the above.

Findings of Fact and Conclusions
of Law.

This action came on regularly for hearing on May 10, 1948 upon plaintiffs' motion for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure, 28 U.S. C.A., and from the Complaint and Amended Complaint on file herein, the Answer of defendants, the Stipulation of Facts on file herein, the arguments of counsel, and all the files, records and proceedings in this action, the Court finds as follows:

Findings of Fact

1. This action was filed on April 9, 1948 and on said date summons was duly and regularly issued herein. Thereafter there was filed by plaintiffs an Amended Complaint herein and thereafter defendants filed herein their Answer thereto. The parties have filed herein a Stipulation of Facts. The Motion of plaintiffs for sum-

mary judgment pursuant to Rule 56, Federal Rules of Civil Procedure came on regularly for hearing before the Court on May 10, 1948. There is no genuine issue in this action as to any material fact.

2. Each of the plaintiffs is a corporation organized and existing under and by virtue of the laws of the state set forth below opposite the name of said plaintiff with its principal office in the city and state set forth below:

of the State of Oregon with general supervision and collection of public taxes and revenues in the State of Oregon and of enforcing said statutes by the imposition and collection of penalties and interest prescribed for the violation thereof, including penalties for the violation of Section 1620a, Title 110, Oregon Compiled Laws.

4. In 1947, there was enacted by the State of Oregon a statute known as Sec-

| Plaintiff | State of Incorporation | Place of Principal Office |
|---|---|---|
| American Hawaiian Steamship Company | New Jersey | San Francisco, California. |
| American Mail Line | Delaware | Seattle, Washington. |
| Coastwise Line | Oregon | San Francisco, California. |
| Luckenbach Steamship Company | Delaware | New York City, N. Y. |
| Matson Navigation Company | California | San Francisco, California. |
| Moore-McCormack Lines Inc. | Delaware | New York City, N. Y. |
| Pacific Far East Line, Inc. | Delaware | San Francisco, California. |
| Pope & Talbot, Inc. | California | San Francisco, California. |
| Sudden & Christenson, Inc. | California | San Francisco, California. |
| Weyerhaeuser Steamship Company | Delaware | Newark, New Jersey. |
| Panama Pacific Line | New Jersey | New York City, N. Y. |
| Alaska Transportation Company | Territory of Alaska | Seattle, Washington. |
| American President Lines | Delaware | San Francisco, California. |
| Pacific Atlantic Steamship Co. | Delaware | Vancouver, Washington. |
| States Steamship Company | Nevada | Vancouver, Washington. |
| Grace Line, Inc. | Delaware | New York City, N. Y. |

Defendants are the duly constituted, qualified and acting Commissioners of the Oregon State Tax Commission of the State of Oregon and are each residents of the State of Oregon, defendant Earl L. Fisher being the duly qualified and acting chairman of said Commission. Defendants are charged under and by virtue of the laws

tion 2, Chapter 536, Oregon Laws 1947. Said statute amended Chapter 16, Title 110, Oregon Compiled Laws, providing for a State Tax on the incomes of individuals, by the addition to said Title 110 of Section 1620a. Section 1620a, Title 110, Oregon Compiled Laws, by its terms became effective on January 1, 1948. Said Section 1620a

requires employers, including plaintiffs, doing business in the State of Oregon to deduct and withhold one percent of the wages of employees, including seamen, who are domiciliary or statutory residents of the State of Oregon within the meaning of Section 1602, Title 110, Oregon Compiled Laws, and to pay said amounts so deducted and withheld to defendants as Commissioners of the Oregon State Tax Commission. The amounts so withheld and paid are on account of the Oregon State Tax on incomes of individuals. The amounts required by said statute to be withheld and the penalties provided by Oregon law for failure to comply with said statute exceed $3,000 for each plaintiff herein.

5. Each of the plaintiffs has been and now is engaged in the business of transporting, by ocean-going ships under Federal Registry with carrying capacities of 50 tons or more, cargo and passengers to and from several ports in the State of Oregon. Each of the plaintiffs in transporting said passengers and said cargo is engaged in interstate and foreign commerce and is a common carrier by water in interstate and foreign commerce. None of the plaintiffs is engaged in intrastate commerce in the State of Oregon.

6. Each of the plaintiffs employs seamen in its aforesaid business, some of whom are domiciliary or statutory residents of the State of Oregon, within the meaning of the Oregon State Income Tax Law. Some of the plaintiffs maintain offices in the State of Oregon for the solicitation of freight and passengers and other plaintiffs accomplish the same purpose through agents in the State of Oregon. No work of the said seamen employed by plaintiffs in the State of Oregon is purely local or in activities separable from work in interstate and foreign commerce. Seamen are employed by plaintiffs under shipping articles of agreement executed in the customary form. .

7. Seamen employed by plaintiffs are customarily paid wages at the termination of a voyage when the articles are signed off. Seamen may obtain advances upon their wages in accordance with Federal law and may make allotments to be paid from their wages directly to authorized allottees in accordance with Federal Law. Wages are paid by plaintiffs to seamen in the State of Oregon from time to time. The payment of wages to seamen is governed by detailed federal statutes, particularly. 46 U.S.C.A. §§ 591–605, 682–685. The federal statutes are designed to obtain uniformity of treatment of seamen.

8. The Oregon State Tax Commission has never, pursuant to Section 110-1623, Oregon Compiled Laws, or otherwise, attempted to collect Oregon State Income Taxes due from seamen to the State of Oregon by service of the Commission's Warrants of Distraint on plaintiffs or other employers of seamen. Any such Warrant of Distraint levied against the wages of a seaman would be an attachment contrary to the prohibition contained in 46 U.S.C.A. § 601. Section 1620a, Title 110, Oregon Compiled Laws, as applied to seamen employed by plaintiffs, is in operation and effect an attachment of the wages of such seamen in requiring that employers of seamen withhold part of seamen's wages for payment to defendants. By attempting to enforce the provisions of Section 1620a, Title 110, Oregon Compiled Laws, defendants are attempting to levy an attachment on the wages of seamen employed by plaintiffs.

9. Defendants and their officers, employees, representatives and agents have threatened plaintiffs, and do now threaten plaintiffs with civil and criminal penalties if plaintiffs and each of them fail or refuse to comply with said Section 1620a and fail or refuse to deduct and retain one percent of the wages paid to seamen who are domiciliary or statutory residents of the State of Oregon and who are employed by plaintiffs and to pay over said amounts so deducted and retained to defendants as members of said Oregon State Tax Commission. Defendants have heretofore issued instructions to plaintiffs to withhold said one percent of the wages of said seamen employed by plaintiffs beginning January 1, 1948 and to pay such amounts over to defendants on or before June 1, 1948, with interest thereon from April 30, 1948.

### Conclusions of Law

As its Conclusions of Law from the foregoing facts found, the Court hereby further finds:

1. This Court has jurisdiction in that this action was instituted under and pursuant to the provisions of Section 24 of the Judicial Code of the United States, 28 United States Code, Section 41(1) [now § 1331 et seq.] as a controversy arising under the Constitution and laws of the United States. Plaintiffs have no plain, speedy and efficient remedy at law or in equity in the courts of the State of Oregon.

2. 46 U.S.C.A. §§ 591–605, 682–685, are laws of the United States enacted pursuant to Article III, Section 2, Clause 1, and Article I, Section 8, Clause 3 of the Constitution of the United States and prescribe the manner in which the wages of seamen shall be paid by employers and specify that no deductions shall be made from the wages of seamen except as authorized by Federal law. Said provisions are laws of the United States enacted under and pursuant to the Constitution as aforesaid to provide a uniform system of law with respect to the wages of seamen. In particular, 46 U.S.C.A. § 601, prohibits the attachment of the wages of seamen and provides that every payment of wages to a seaman shall be valid, notwithstanding any previous sale or assignment thereof or any attachment, encumbrance or arrestment thereon. Said provisions of the laws of the United States are the supreme law of the land pursuant to Clause 2, Article VI of the Constitution of the United States.

3. As applied to seamen employed by plaintiffs, Section 1620a, Title 110, Oregon Compiled Laws, is contrary to and in Conflict with 46 U.S.C.A. § 601, in that said Section 1620a is an attachment of the wages of seamen, and said Section 1620a as applied to seamen employed by plaintiffs is invalid under the Constitution and laws of the United States.

4. Plaintiffs and each of them are required, under penalties prescribed by Federal law, to pay wages to seamen employed by them at the times and places and in the manner prescribed by the laws of the United States, without the deduction or withholding therefrom of any amounts pursuant to Section 1620a, Title 110, Oregon Compiled Laws, or the rules and regulations promulgated thereunder. Plaintiffs are entitled to pay wages to seamen employed by them without interference or hindrance by defendants or their deputies, officers, employees, representatives, successors, or agents, and without any deduction, withholding or limitation provided by Section 1620a, Title 110, Oregon Compiled Laws.

5. Defendants and their deputies, officers, employees, representatives, agents, successors, and all other persons acting in concert with them or under their direction or order should be permanently enjoined and restrained from enforcing or executing against plaintiffs or any of them, with respect to seamen and the wages of seamen employed by them, or any of them, the said Section 1620a, Title 110, Oregon Compiled Laws, and any of the rules and regulations promulgated thereunder, and from enforcing, executing, instituting, or aiding the enforcement and execution of any penalties, civil or criminal, for the failure or refusal by plaintiffs or any of them to comply with the provisions of said Section 1620a with respect to seamen employed by plaintiffs or any of them.

6. The word "seaman" as used in these Findings of Fact and Conclusions of Law has the same meaning as the word "seaman" in 46 U.S.C.A. §§ 596, 597, 599, 601.

Let judgment be entered accordingly.