**HOYE, Controller, et al. v. UNITED STATES et al.**

**No. 14362–PH.**

United States District Court,
S. D. California, C. D.

Jan. 28, 1953.

686

Ray L. Chesebro, City Atty., and Bourke Jones, Asst. City Atty., Los Angeles, Cal., by Alfred E. Rogers, Los Angeles, Cal., for plaintiffs.

Walter S. Binns, U. S. Atty., E. H. Mitchell and Edward R. McHale, Asst. U. S. Attys., Eugene Marpole and Frank W. Mahoney, Special Attorneys Bureau of Internal Revenue, Los Angeles, Cal., for defendants, the United States and Robert A. Riddell.

HALL, District Judge.

This matter comes before the court on the motion of the United States of America and of Robert A. Riddell as Collector of Internal Revenue to dismiss the complaint of the plaintiff, who, as City Controller of the city of Los Angeles is charged with the duty of paying salaries and pensions of the employees of the city of Los Angeles. The defendant, Champion, according to the complaint was entitled to the sum of $185.-85 on the 20th of February, 1952 as an employee or pensioner. The Collector filed final notice and demand and levy upon the plaintiff controller for the sum of $121.71 as money due to the United States from the defendant Champion.

The complaint seeks declaratory relief under the terms of the Declaratory Judgments Act, 28 U.S.C. § 2201.

The United States and Riddell contend that the phrase "except with respect to Federal taxes", contained in Section 2201 and the provisions of 26 U.S.C. § 3653(a) which provides, so far as material here, " * * * no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court * * *", deprives this court of jurisdiction either to give a declaratory judgment or to issue an injunction.

These contentions were considered in the case of Tomlinson v. Smith, 7 Cir., 1942, 128 F.2d 808, where by levy and distraint the Collector of Internal Revenue sought to compel a third party who did not owe a tax to pay the taxes to the Collector claimed to be owed by one to whom the third party owed money. The court in that case distinguished between suits instituted by taxpayers and non-taxpayers and held that a taxpayer was within the scope of the inhibition of the Declaratory Judgment Act as well as Section 3653 of Title 26, but a third party was not.

While in that case the court pointed out that under the allegations of the complaint the third party claimed a prior lien, nevertheless, the situation is analogous to the instant case where the city of Los Angeles merely holds as a trustee the money which is due to the defendant taxpayer, Champion. Furthermore, under the law of the State of California, Sec. 710, Cal.C.C.P., the plaintiff Hoye as City Controller cannot pay money owed by the city of Los Angeles to anyone other than the one to whom the money is due unless and until there is filed with him an authenticated abstract of judgment of a court showing that the person is entitled thereto. If the plaintiff, Hoye, recognized the demand and levy by the Collector and paid the sum of $121.71 therein demanded, the plaintiff, Hoye, would still be liable to pay that same amount to Champion under the terms of Section 710 of the California Code of Civil Procedure. Thus the unusual circumstances referred to in Tomlinson v. Smith, supra, exist in this case and the defendant's motion to dismiss is denied.