JULES HAIRSTYLISTS OF MARY-
LAND, INC., a Maryland Corporation
and Jules Hairstylists, Inc., a District
of Columbia Corporation and Jules
Hairstylists of Virginia, Inc., a Virginia
Corporation

v.

UNITED STATES of America and
Irving Machiz.

Civ. A. No. 17190.

United States District Court
D. Maryland.

May 12, 1967.

Harry S. Shapiro, Baltimore, Md., for plaintiffs.

Thomas J. Kenney, U. S. Atty., Ronald T. Osborn, Asst. U. S. Atty., Baltimore, Md., and James H. Jeffries, III, Tax Division, Department of Justice, Washington, D. C., for defendants.

NORTHROP, District Judge.

The plaintiffs, Maryland, Virginia, and District of Columbia corporations who employ beauticians in the operation of their beauty salons, seek to have this court declare Sections 3102(a)[1] and (c)[2]

1. § 3102. Deduction of tax from wages

"(a) Requirement.—The tax imposed by section 3101 shall be collected by the employer of the taxpayer, by deducting the amount of the tax from the wages as and when paid. An employer who in any calendar quarter pays to an employee cash remuneration to which paragraph (7) (B) or (C) or (10) of section 3121 (a) is applicable may deduct an amount equivalent to such tax from any such payment of remuneration, even though at the time of payment the total amount of such remuneration paid to the employee by the employer in the calendar quarter is less than $50; and an employer who in any calendar year pays to an employee cash remuneration to which paragraph (8) (B) of section 3121(a) is applicable may deduct an amount equivalent to such tax from any such payment of remuneration, even though at the time of payment the total amount of such remuneration paid to the employee by the employer in the calendar year is less than $150 and the employee has not performed agricultural labor for the employer on 20 days or more in the calendar year for cash remuneration computed on a time basis; and an employer who is furnished by an employee a written statement of tips (received in a calendar month) pursuant to section 6053(a) to which paragraph (12). (B) of section 3121(a) is applicable may deduct an amount equivalent to such tax with respect to such tips from any wages of the employee (exclusive of tips) under his control, even though at the time such statement is furnished the total amount of the tips included in statements furnished to the employer as having been received by the employee in such calendar month in the course of his employment by such employer is less than $20."

2. "(c) Special rule for tips.—

"(1) In the case of tips which constitute wages, subsection (a) shall be applicable only to such tips as are included in a written statement furnished to the employer pursuant to section 6053(a), and only to the extent that collection can be made by the employer, at or after the time such statement is so furnished and before the close of the 10th day following the calendar month (or, if paragraph (3) applies, the 30th day following the quarter) in which the tips were deemed paid, by deducting the amount of the tax from such wages of the employee (excluding tips, but including funds turned over by the employee to the employer pursuant to paragraph (2)) as are under control of the employer.

"(2) If the tax imposed by section 3101, with respect to tips which are included in written statements furnished in any month to the employer pursuant to section 6053(a), exceeds the wages of the employee (excluding tips) from which the employer is required to collect the tax under paragraph (1), the employee may furnish to the employer on or before the 10th day of the following month (or, if paragraph (3) applies, on or before the 30th day of the following quarter) an amount of money equal to the amount of the excess.

"(3) The Secretary or his delegate may, under regulations prescribed by him, authorize employers—

"(A) to estimate the amount of tips that will be reported by the employee pursuant to section 6053(a) in any quarter of the calendar year,

"(B) to determine the amount to be deducted upon each payment of wages (exclusive of tips) during such quarter as if the tips so estimated constituted the actual tips so reported, and

and 3402(k)[3] of Title 26 of the United States Code unconstitutional and to enjoin the United States and the District Director of Internal Revenue of Maryland from enforcing them. The plaintiffs allege that these provisions and the Internal Revenue Service regulations pursuant thereto[4] are ambiguous, arbitrary, discriminatory, invalid, and offensive to the Fifth Amendment of the Constitution as an undue burden on the employer, an uncompensated taking of property, and an invasion of the employee's privacy. The plaintiffs have requested that a three-judge court be convened pursuant to 28 U.S.C. §§ 2282 and 2284. The defendants oppose a three-judge court and move that the complaint be dismissed.

The Internal Revenue Code provisions in question require an employer to receive reports from employees who are recipients of $20.00 or more in tips in each calendar month in the course of their employment to withhold federal income and social security taxes on the amount of tips reported to the extent of the employee's funds within the employer's control, to accept from the employee any tender of money to pay his federal income and social security taxes when the employee's funds within the employer's control are insufficient, and to account for such withheld taxes and money paid over to him by an employee to the United States.

The United States contends that as a sovereign, it cannot be sued without its consent. It further contends that it has not given its consent to be sued in this case. In 1966 Congress provided a civil action against the United States by persons other than the taxpayer when the United States has caused a levy for taxes to be made on property which belongs to one other than the taxpayer, 26 U.S.C. § 7426. The plaintiffs herein are not the taxpayer. Rather, they are acting as collection agents for the United States.

"(C) to deduct upon any payment of wages (other than tips, but including funds turned over by the employee to the employer pursuant to paragraph (2)) to such employee during such quarter (and within 30 days thereafter) such amount as may be necessary to adjust the amount actually deducted upon such wages of the employee during the quarter to the amount required to be deducted in respect of tips included in written statements furnished to the employer during the quarter.

"(4) If the tax imposed by section 3101 with respect to tips which constitute wages exceeds the portion of such tax which can be collected by the employer from the wages of the employee pursuant to paragraph (1) or paragraph (3), such excess shall be paid by the employee."

3. § 3402. Income tax collected at source
"(k) Tips.—In the case of tips which constitute wages, subsection (a) shall be applicable only to such tips as are included in a written statement furnished to the employer pursuant to section 6053 (a), and only to the extent that the tax can be deducted and withheld by the employer, at or after the time such statement is so furnished and before the close of the calendar year in which such statement is furnished, from such wages of the employee (excluding tips, but including funds turned over by the employee to the employer for the purpose of such deduction and withholding) as are under the control of the employer; and an employer who is furnished by an employee a written statement of tips (received in a calendar month) pursuant to section 6053(a) to which paragraph (16) (B) of section 3401(a) is applicable may deduct and withhold the tax with respect to such tips from any wages of the employee (excluding tips) under his control, even though at the time such statement is furnished the total amount of the tips included in statements furnished to the employer as having been received by the employee in such calendar month in the course of his employment by such employer is less than $20. Such tax shall not at any time be deducted and withheld in an amount which exceeds the aggregate of such wages and funds (including funds turned over under section 3102(c) (2) or section 3202(c) (2)) minus any tax required by section 3102(a) or section 3202(a) to be collected from such wages and funds."

4. See Section 6B of Publication No. 15 (Internal Revenue Service of the Treasury Department, Jan., 1966) and Section 6B of Publication No. 15 (Internal Revenue Service of the Treasury Department, April, 1966).

Since the Government has made no levy for another person's taxes on any property that belongs to the plaintiffs, 26 U.S.C. § 7426 is not available to them.

■ The plaintiffs have failed to show where the United States has otherwise given its consent to be sued in a case like this. Therefore, the contention of the United States that the action against it is barred by its plea of sovereign immunity is valid. Chief Justice Marshall in United States v. Clarke, 33 U.S. 436, 8 L.Ed. 1001, at 1004 (1834) said:

"As the United States are not suable of common right, the party who institutes such suit must bring his case within the authority of some act of Congress, or the court cannot exercise jurisdiction over it."

See also United States v. Lee, 106 U.S. 196, 1 S.Ct. 240, 27 L.Ed. 171 (1882); Zager v. United States et al., 256 F.Supp. 396 (E.D.Wis.1966); and Hart and Wechsler, The Federal Courts and the Federal System 316, 1140–1161 (1953). When the United States has not consented to be sued, dismissal of the action is required as to the United States. Stout v. United States, 229 F.2d 918 (2d Cir.), cert. denied 351 U.S. 982, 76 S.Ct. 1047, 100 L.Ed. 1496 (1956). Therefore, the court dismisses the complaint as to the United States.

When the plaintiffs filed their amended complaint, they joined the District Director of Internal Revenue of Maryland as a party defendant. Insofar as the plaintiffs from Virginia and the District of Columbia are concerned, it is doubtful that there could be any case or controversy between them and the District Director of Internal Revenue of Maryland unless they pay their taxes in Maryland. While there is no indication where they pay their taxes, this court will treat them as the Maryland plaintiff.

■ The District Director contends that he is not a proper party defendant because any judgment entered against him would be the same as if it were entered against the United States. The Su-

preme Court has held that an officer of the United States may be enjoined from enforcing an unconstitutional statute. Further, it has held that an action against an officer of the United States to enjoin him from enforcing an unconstitutional statute is not a suit against the United States. Thus, the plea of sovereign immunity is not available to an officer of the United States when one seeks to enjoin him from enforcing an unconstitutional statute. Larson v. Domestic & Foreign Commerce, 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949); North Carolina v. Temple, 134 U.S. 32, 10 S.Ct. 509, 33 L.Ed. 849 (1890). See also Zager v. United States et al., supra. The 1966 amendments to 26 U.S.C. § 7426 do not change the law except where this section is applicable. Since this section is not applicable, the District Director is a proper party to this case.

Two questions are presented: (1) Does the court have the power to enjoin the collection of federal taxes? (2) Does the court have the power to hear a motion for a declaratory judgment as to the constitutionality of a federal tax statute?

With regard to the first question, 26 U.S.C. § 7421(a), as amended in 1966, provides:

"Except as provided in sections 6212 (a) and (c), 6213(a), and 7426(a) and (b) (1), no suit for the purpose of restraining the assessment of collection of any tax shall be maintained in any court by any person, *whether or not such person is the person against whom such tax was assessed.*" [Emphasis supplied.]

■ The language of this section is mandatory and prohibits the court from granting injunctive relief unless the plaintiffs bring themselves within the statutory exceptions (not here applicable) or within the equitable exception that the Supreme Court carved out in Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). In *Enochs,* the Court said that a federal district court had the power to enjoin the collection of taxes where the

tax is in reality no tax, but an attempt to regulate an area which the Congress has no power to regulate. The plaintiffs here make no *Enochs* contention, but rather claim that Congress cannot make them tax-collecting agents for the government without just compensation. The *Enochs* exception is further inapplicable because the United States is seeking presently no more than to assure the prompt collection of lawful revenue.[5]

■■ The plaintiffs have made some claim that the 1966 amendment to 26 U.S.C. § 7421(a) which relates to suits by non-taxpayers, is not applicable to this case because it was filed before the amendment became law. Congress has the power to withdraw from this court the jurisdiction to hear a case at anytime while the case is in progress. Ex Parte McCardle, 7 Wall. 506, 19 L.Ed. 264 (U.S. 1869); Glidden Co. v. Zdanok, 370 U.S. 530, at 567–568, 82 S.Ct. 1459, at 1481–1482, 8 L.Ed.2d 671 (1962), and cases cited therein. But we need not reach the thorny question of the power of Congress over this court's jurisdiction because the law before this amendment does not aid the plaintiffs' cause. Before its enactment some courts allowed non-taxpayers to bring suits to enjoin the district director from collecting federal taxes after final letters for the payment of the tax had been sent to the taxpayer, but before any liens had been filed against the third party's property. Tomlinson v. Smith, 128 F.2d 808 (7th Cir. 1942); Hoye v. United States et al., 109 F.Supp. 685 (S. D.Calif.1953). In this case, however, no action has been taken by the Internal Revenue Service against the plaintiffs. Therefore, the plaintiffs still have no standing to sue. It thus follows that this court is without power to enjoin the District Director of Internal Revenue of Maryland from enforcing the contested provisions of the Internal Revenue Code.

■ As to the second question, 28 U.S. C. § 2201 provides:

"In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes*, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." [Emphasis added.]

In Martin v. Andrews, 238 F.2d 552 (9th Cir. 1956), the court said that this section prevented a court from rendering a declaratory judgment with respect to federal taxes even when the constitutional validity of the tax was in question. In Martin, the taxpayer was the plaintiff. In the instant case, the plaintiffs are acting only as the collector of the taxes. However, this distinction is without merit because the statute is explicit that no federal court may render a declaratory judgment with respect to federal taxes. The courts in *Tomlinson,* supra, and *Hoye*, supra, read into this section the same exception that they read into 26 U.S.C. § 7421(a). In *Tomlinson,* supra, 128 F.2d at 811, the court said:

"[I]t is our view that the language which excepts federal taxes from the Declaratory Judgment Act is co-extensive with that which precludes the maintenance of a suit for the purpose of restraining the assessment or collection of a tax."

The court believes that 26 U.S.C. § 7421 (a) and 28 U.S.C. § 2201 must be read together. In other respects *Tomlinson* and *Hoye* are not applicable here because the 1966 amendment to 26 U.S.C. § 7421 (a) casts a shadow on the results reached in those cases and puts in doubt their continuing validity as representing the law today and because of the factual distinctions noted above. The court, therefore, decides that it has no power to de-

---

5. The constitutionality of the withholding provision of the code and the social security tax has already been settled. Abney v. Campbell, 206 F.2d 836 (5th Cir. 1953), cert. denied 346 U.S. 924, 74 S.Ct. 311, 98 L.Ed. 417 (1954) (withholding taxes); and Charles C. Steward Machine Co. v. Davis, 301 U.S. 548, 57 S.Ct. 883, 81 L.Ed. 1279 (1937) (Social Security Tax).

clare the rights of the parties in this case under 28 U.S.C. § 2201.

The plaintiffs have requested the convening of a three-judge court pursuant to 28 U.S.C. §§ 2282 and 2284. Only a three-judge court has the power to enjoin the enforcement of a federal statute on the ground that it is repugnant to the Constitution. Section 7421(a) of Title 26, United States Code, is as applicable to a three-judge district court as a single-judge district court. The result is that a three-judge court has no power to grant an injunction in this case. Therefore, the court denies the plaintiffs' request to convene a three-judge court.

Inasmuch as this court is without jurisdiction to hear the plaintiffs' case and to grant the relief sought and inasmuch as the plaintiffs have failed to show that a three-judge court would have jurisdiction to hear the case and grant the relief sought, the defendants' motions to dismiss the complaint and to oppose the application for a three-judge court are hereby granted, all this 12th day of May, 1967.