Judgment will be entered for defendant with each party to bear its own costs and attorneys' fees.

**UNITED STATES of America**

v.

**OFFSHORE LOGISTICS INTERNATIONAL, INC.**

**Civ. A. No. 79–0011D.**

United States District Court,
W. D. Louisiana,
Lafayette-Opelousas Division.

Dec. 20, 1979.

Jean E. Kilpatrick, Tax Div., Dept. of Justice, Washington, D. C., for plaintiff.

Richard M. Scholnick, Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, La., for defendant.

## RULING ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

W. EUGENE DAVIS, District Judge.

The parties filed cross-motions for summary judgment raising the legal issue of whether the IRS may levy on the wages of a seaman to satisfy the seaman's tax liabilities.

*FACTS*

The defendant owns and operates vessels. From March 2, 1977, through May 21, 1978, Joseph W. Adair, Jr., was employed by the defendant as a master of various vessels.

On December 7, 1977, the IRS served the defendant with a notice of levy on Adair's wages for $1203.40 for taxes, penalties and interest owed by Adair as of the date of the service of the levy.

The defendant-employer declined to honor the IRS levy and paid to Adair wages which were due him in amounts which exceeded the amount of the IRS levy.

*DISCUSSION*

The defendant-employer declined to honor the IRS levy because of 46 U.S.C. § 601 which provides:

No wages due or accruing to any master, seaman, or apprentice shall be subject to attachment or arrestment from any court, and every payment of [such] wages . . . shall be valid in law, notwithstanding . . . any attachment, encumbrance, or arrestment thereon. , . . .

The Government contends that defendant-employer was not justified in its refusal to withhold wages from Adair because of 26 U.S.C. § 6334(a) and (c). 26 U.S.C. § 6334(a) contains a list of property exempt from federal tax levies. This list does not include the wages of seamen. Subsection (c) provides:

Notwithstanding any other law of the United States, no property or rights to property shall be exempt from levy other than the property specifically made exempt by subsection (a). (Emphasis added.)

For the following reasons, I agree with the position taken by IRS and conclude that 26 U.S.C. § 6334 must prevail over 46 U.S.C. § 601:

1) Both statutes are "special" statutes. 46 U.S.C. § 601 deals with the special circumstance of exempting seamen's wages from attachment. 26 U.S.C. § 6334 deals with property which is subject to attachment by the IRS for tax liabilities. I am unable to say that one of these statutes is "general" and the other "special" so that the special statute should be given priority.

2) The underlined introductory phrase in Section 6334(c) "notwithstanding any other law of the United States . . ." leads me to the conclusion that Congress intended to exempt no property from federal tax levies except property specifically referred to in the previous subsection (a).

3) In 1966, Congress amended Section 6334 to expand the list of exempt property to include, for example, military retirement pay and military medal of honor pensions. In each instance, the benefits in question were already covered by exemptive language similar to that contained in 46 U.S.C.

§ 601. See 38 U.S.C. § 562(c) and 10 U.S.C. § 1440. Congress did not elect to amend Section 6334 at that time to include seamen's wages.

⸱4) I conclude that Congress intended to provide in Section 6334 an exclusive listing of property exempt from federal tax levies; since seamen's wages are not included in that list, this property does not enjoy exempt status.

*CONCLUSION*

The motion for summary judgment filed by defendant is denied; the plaintiff's motion for summary judgment is granted.