**SEA–LAND SERVICE, INC., Plaintiff,**

v.

**UNITED STATES of America, Commissioner, Internal Revenue Service, G. Glendenning, Kenneth Kramlich and Nelson Sala, Defendants.**

Civ. A. No. 85–825.

United States District Court,
D. New Jersey.

Nov. 21, 1985.

Meyner & Landis, Newark, N.J. by Jeffrey L. Reiner, Geralyn A. Boccher, for plaintiff.

W. Hunt Dumont, U.S. Atty., United States Attorney's Office, Newark, N.J., by Edward G. Spell, Asst. U.S. Atty., and Robert L. Handros, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendants United States of America and Commissioner, Internal Revenue Service.

## OPINION

STERN, District Judge.

The Court is presented with a suit for declaratory judgment, brought under the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Shipping Laws of the United States, 46 U.S.C. §§ 3 *et seq.* Plaintiff seeks to prevent the Internal Revenue Service (the "IRS") from attaching the wages of three of its employees, seamen G. Glendenning, Kenneth Kramlich and Nelson Sala.

Plaintiff and defendants the United States and the IRS Commissioner (the "government") cross-moved for summary judgment, raising the issue of whether the IRS may garnishee the wages of seamen to satisfy the seamen's tax liabilities in spite of a provision in the shipping laws exempting seamen's wages from "attachment or arrestment from any court." 46 U.S.C. § 11109. The government also moved, as a threshold matter, to dismiss for lack of jurisdiction.[1]

The Court heard oral argument on July 22, 1985. We now deny the government's motion to dismiss for lack of jurisdiction and grant summary judgment upholding the IRS's garnisheeing power. We also grant plaintiff's motion for summary judgment freeing it from liability for honoring such levies. Our decision on these issues renders moot the remaining issue concerning the Court's power to enjoin the IRS's attachment powers.

Plaintiff Sea-Land Service, Inc. ("Sea-Land") operates vessels in foreign and interstate commerce, maintaining approximately 5,000 seamen on its U.S. vessel payroll. Defendants Glendenning, Kramlich and Sala have been employed as seamen aboard Sea-Land's ships.

Beginning on April 2, 1984, The IRS served Sea-Land with notices of levy on the wages of defendants Glendenning, Kramlich and Sala for taxes, penalties and interest owed to the federal government by the seamen. In each case Sea-Land informed the IRS that it could not honor the levies because the shipping laws precluded the withholding of seamen's wages. Sea-Land further noted its belief that, in the event it paid over the wages to the IRS, it would be liable for the double wage penalty described in the shipping laws at 46 U.S.C. § 10313(g). When the IRS persisted in its demands, Sea-Land filed this action to ascertain whether it must respect the IRS levies.

The complaint contains three counts. Count one seeks a judgment declaring whether Sea-Land must honor the IRS levies. Count two asks the Court to enjoin the IRS from levying on the wages of Sea-Land's seamen and from enforcing the levies, pursuant to 26 U.S.C. § 6332(c). Count three seeks a declaration that if Sea-Land must comply with the levies, it will neither violate Title 46, United States Code, Section 11109, nor incur double wage liability under section 10313(g).

The government first moves to dismiss for lack of jurisdiction on counts one and two. Alternatively, it urges the Court to dismiss count one for failure to state a

---

1. The three seamen are not represented on these motions. Defendants Kramlich and Sala have defaulted and defendant Glendenning cannot be found for service.

claim upon which relief can be granted. Plaintiff cross-moves for summary judgment, arguing that the levies are invalid under the shipping laws. In the alternative, it seeks summary judgment on count three to bar liability if it is obligated to respect the levies.

## DISCUSSION

### I. The Government's Motion to Dismiss for Lack of Jurisdiction.

The government offers the threshold argument that plaintiff's claim in count one is barred by the Declaratory Judgment Act, 28 U.S.C. § 2201. That statute restricts the court's power to grant declaratory relief by providing that federal courts shall issue declaratory judgments "except with respect to Federal taxes...." 28 U.S.C. § 2201(a).

It is, however, well-settled that the exception for federal taxes does not bar actions by *non-taxpayers* who seek neither to restrain the assessment of taxes nor to dispute the taxpayer's ultimate tax liability. *Kentucky Welfare Rights Organization v. Simon,* 506 F.2d 1278, 1284 (D.C.Cir.1974), *rev'd on other grounds,* 426 U.S. 26, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976); *Church of Scientology of Celebrity Centre v. Egger,* 539 F.Supp. 491, 494 (D.D.C.1982); *Henshel v. Guilden,* 300 F.Supp. 470, 472 (S.D.N.Y.1969); *Hoye v. United States,* 109 F.Supp. 685, 686 (S.D.Cal.1953). In *Hoye,* for example, a city comptroller sought a judgment declaring whether he was required to honor an IRS levy on the wages or pension of a city employee. 109 F.Supp. at 686. The *Hoye* court recognized that the comptroller faced an intractable conflict between two sets of laws:

> [T]he city of Los Angeles merely holds as a trustee the money which is due to the defendant taxpayer, Champion. Furthermore, under the law of the State of California, Sec. 710, Cal.C.C.P., the plaintiff Hoye as City Controller cannot pay money owed by the city of Los Angeles to anyone other then the one to whom the money is due unless and until there is filed with him an authenticated abstract of judgment of a court showing that the person is entitled thereto. If the plaintiff, Hoye, recognized the demand and levy by the Collector and paid the sum of $121.71 therein demanded, the plaintiff, Hoye, would still be liable to pay that same amount to Champion under the terms of Section 710 of the California Code of Civil Procedure.

*Id.*

The parallel between the *Hoye* case and the present action is unmistakable. Sea-Land, like comptroller Hoye, is not the taxpayer. Like him, Sea-Land does not ask the Court to declare whether any tax is due the United States or, if so, how much, but only whether it must turn over the unchallenged assessment to the IRS.

Moreover, Sea-Land finds itself, like comptroller Hoye, confronted with two laws that makes observance of both impossible. The Internal Revenue Code requires Sea-Land to obey the IRS orders attaching its employees wages, 26 U.S.C. § 6332(c), and does not specifically exempt seamen's wages from such levy, 26 U.S.C. § 6334(a). But the shipping laws state that Sea-Land may not withhold from seamen any portion of their full wages, excepting only court-ordered spouse and child support payments. 46 U.S.C. § 11109(a). Furthermore, if an employer wrongfully delays paying a seaman's wages it faces the imminent threat of double wage liability under 46 U.S.C. § 10313(g). Like comptroller Hoye, therefore, Sea-Land is entitled to a declaration proclaiming whether it must honor the IRS levies. We hold that the relief sought in count one is available under Title 28, United States Code, Section 2201.[2]

### II. The Motions for Summary Judgment.

#### A. Count One

Although the government styled its motion as one to dismiss for failure to state a

---

2. We do not need to address the jurisdictional issue the government raises concerning this Court's power to enjoin the IRS from levying on the seamen's wages. Given our disposition of the other issues before us, this issue is moot.

claim, we treat the motions on count one as cross-motions for summary judgment because they raise the identical legal issue, and the parties appear to agree that no material facts are in dispute. *See* Fed.R. Civ.P. 56(c).

Sea-Land has refused to honor the IRS levies as a result of 46 U.S.C. § 11109(a), which provides:

> Wages due or accruing to a master or seaman are not subject to attachment or arrestment from any court, except for an order of a court about the payment by a master or seamen of any part of the master's or seaman's wages for the support and maintenance of the spouse of minor children of the master or seaman, or both. A payment of wages to a master or seaman is valid, notwithstanding any prior sale or assignment of wages or any attachment, encumbrance, or arrestment of the wages.

The government contends, however, that provisions of the Internal Revenue Code, 26 U.S.C. §§ 6334(a) and (c), take precedence over the Shipping Laws provisions. Subsection (a) lists property exempt from federal levies. Seamen's wages are not included. Subsection (c) states that:

> *Notwithstanding any other law of the United States* (including section 207 of the Social Security Act), no property or right to property shall be exempt from levy other than the property specifically made exempt by subsection (a).

26 U.S.C. § 6334(c) (emphasis added).

The cross-motions for summary judgment ask this Court to resolve the apparent conflict between these two laws.

At the outset we note that we find only one case where this issue has been addressed directly: *United States v. Offshore Logistics International, Inc.,* 483 F.Supp. 1055 (W.D.La.1979). The *Offshore* court held that section 6334 of the Internal Revenue Code must prevail over the predecessor to section 11109 of the shipping laws. 483 F.Supp. at 1057. It grounded this conclusion in three considerations: (1) as both statutes are "special" statutes, the rule of statutory construction giving "special"

statutes priority over "general" statutes does not apply; (2) the plain language of the introductory phrase in section 6334(c)— "notwithstanding any other laws of the United States"—suggests that the list of exempt property enumerated in subsection (a) was intended to be exhaustive; and (3) Congress in 1966 expanded the list of exempt property in subsection (a), but, again, did not include seamen's wages.

■ Sea-Land urges us to reject this holding, contending that the *Offshore* court found an inconsistency in the law where none exists. Section 6334(a), argues Sea-Land, enumerates the types of *property* exempt from IRS levies; section 11109, on the other hand, exempts from such levies a category of *person*—seamen. The exemption of seamen's wages from the attachment power of the IRS, it is argued, thus does not run afoul of the exhaustive list of property exemptions contained in section 6334.

The argument is attractive, but it is based on an untenable distinction. Both section 11109 and section 6334 describe their subject matter as a mixture of both person and property. Section 11109 concerns seamen and their wages. Similarly, section 6334 exempts various sorts of persons—Medal of Honor winners, railroad annuity recipients, any unemployed persons, to name a few—and their property—pension, annuities, and unemployment benefits. The conflict between the statutes cannot be resolved by an unconvincing logical distinction between person and property.

■ Plaintiff asserts that the treatment of state withholding taxes under the shipping laws shows that even tax claims cannot touch seamen's wages. We note, however, that the legislative history of the shipping laws reveals no intention to extend the protection of section 11109 to federal tax assessments.

In 1948, a district court held that defendant state commissioners could not enforce state laws requiring income tax withholding from seamen's wages because the withholding was an "attachment" prohibited by

the shipping laws. *American Hawaiian S.S. Co. v. Fisher*, 82 F.Supp. 193, 196 (D.Or.1948). A year later, a court in Alaska reached the opposite conclusion. *Alaska S.S. Co. v. Mullaney*, 84 F.Supp. 561, 567 (D.Alaska 1949), *aff'd*, 180 F.2d 805 (9th Cir.1950). Subsequently Congress amended Title 46 to clarify that section 601, the predecessor to section 11109, prohibited withholding state income taxes from seamen's wages.

Describing the need for the amendment, Congress cited the conflict between the federal shipping law and the state tax provisions—a conflict exactly analogous to the conflict before the Court today—which left shipowners "faced with a staggering potential legal and financial liability if they do not withhold as apparently required under state tax law." S.Rep. No. 433, 86th Cong., 1st Sess. 2, *reprinted in* 1959 U.S. Code Cong. & Ad.News 2530, 2531. But Congress did not apply the same reasoning to federal income taxes. As the Senate Report noted:

> S. 1958 would relieve the seamen and the steamship companies of the accounting burden enumerated above; it would also clarify the legal conflict between State and Federal law.
>
> *It is to be noted, however, that this legislation will not relieve the seaman of his liability to pay taxes properly due, will not effect [sic] the Federal withholding taxes,* and will not in any way impair the general tax authority of the States.

*Id.* at 2532 (emphasis added). Thus Congress adopted the view that withholding wages for state taxes was a type of attachment which encroached on the traditional protection afforded seamen's wages under federal law.[3] But it chose not to prohibit withholding of federal taxes from seamen's wages.

We believe this distinction is significant for the federal tax levies at issue here. An IRS levy, like the withholding of taxes, is a type of attachment which at first blush appears to conflict with the prohibitions of section 11109. The legislative history of this section, however, provides reason to think that Congress did not mean those prohibitions to extend to federal tax collection.

We conclude that Congress did not intend Title 46, United States Code, Section 11109 to prohibit the execution of federal tax levies against seamen's wages. Furthermore, we agree with the *Offshore* court's conclusion that section 6334(a) of the Internal Revenue Code provides an exclusive list of property exempt from federal tax levies.

The accumulation of these reasons leads the Court to grant the government's motion for summary judgment on count one.

**B. Count Three**

Plaintiff maintains that, should the government prevail on count one, Sea-Land is entitled to summary judgment on count three declaring that it will not violate the shipping laws, nor be subject to the double wage penalty under 46 U.S.C. § 10313(g), nor incur any other obligations with respect to the seamen's wages paid over to the IRS. The government does not oppose this motion, commenting that section 6332(d) of the Internal Revenue Code protects plaintiff against liability. That section provides:

> Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary or his delegate, surrenders such property or rights to property (or discharges such obligation) to the Secretary or his delegate (or who pays a liability under subsection (c)(1)) shall be discharged from any obligation or liability to the delinquent taxpayer with respect to such property or rights to property arising from such surrender or payment. . . .

26 U.S.C. § 6332(d).

We agree that the language of section 6332(d) relieves Sea-Land of further obli-

---

3. Currently, a separate provision of the shipping laws, Section 11108 of Title 46, explicitly prevents states from withholding taxes from seamen's wages.

gations with respect to the wages it pays over to the IRS due to the notices of levy. Further, it follows from our resolution of count one that Sea-Land does not violate Section 11109 of Title 46 by honoring the levies.

Accordingly, plaintiff's motion for summary judgment on count three is granted.