**Henrietta R. WALDWEILER, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 15070.**

United States Court of Appeals
Seventh Circuit.

Oct. 13, 1965.
Rehearing Denied Nov. 8, 1965 En Banc.

John O'C. Fitzgerald, Chicago, Ill., for petitioner.

Louis F. Oberdorfer, Asst. Atty. Gen., Tax Division, Howard J. Feldman, Atty., U. S. Dept. of Justice, Washington, D. C., for respondent.

Before SCHNACKENBERG, KNOCH and CASTLE, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Henrietta R. Waldweiler, petitioner, by her petition, asks us to review an order of the Tax Court of the United States, entered October 30, 1964, which dismissed for failure to properly prosecute her petition filed June 29, 1964 for a redetermination of income tax deficiencies and negligence penalties asserted by the Commissioner of Internal Revenue in a notice of deficiency for the years 1959, 1960 and 1961.

On August 12, 1964, the Commissioner moved the Tax Court to dismiss for petitioner's failure to properly prosecute under Rule 7(a)(2) of the Rules of Practice of the Tax Court, and alleged that petitioner had failed to set forth a clear and concise statement of the facts upon which the claimed error could be sus-

tained and thus the petition failed to conform to Rule 7(c) of the Tax Court Rules of Practice.[1]

On August 13, 1964, the Tax Court ordered that the petition be dismissed for failure to properly prosecute unless petitioner, on or before September 16, 1964, filed an amended petition conforming to the Tax Court's rules or written objections to the Commissioner's motion showing that the petition should not be dismissed.

After obtaining an extension of time, petitioner, on October 5, 1964, filed "Objections, Answers and Suggestions" to the motion and alleged, *inter alia*, that the necessary books and records were unavailable and that contrary allegations by the Commissioner raised a question of fact. The Tax Court, on October 5, 1964, ordered that its earlier order dismissing the petition be discharged and set the matter for hearing on October 28, 1964, in Washington, D. C. Petitioner was not present or represented at the hearing and did not file any further documents. The dismissal order now under attack was then entered.

In this court petitioner's counsel calls our attention to the fact that she "clearly states that: 'the facts upon which Petitioner-Taxpayer relies, other than the *ultimate facts stated herein*, as the basis for these proceedings is impossible to present'" because a corporation known as "M.P.H. Manufacturing Corporation has been adjudged a bankrupt and Petitioner-Taxpayer is reliably informed and believes, and therefore states the fact to be that *certain* of said corporate books, records, belongings and effects have been \* \* \* destroyed and/or irreparably damaged by unavoidable fire; \* \* \* lost and/or misplaced while, and caused

---

1. We quote part of Rule 7:
    **Rule 7** (a) \* \* \* (2) **Improper petition; dismissal.** Failure of a petition to comply with this section or with Rule 4 or Rule 6 shall be ground for dismissal of the case. \* \* \*
    \*    \*    \*    \*    \*
    (c) **Form of petition.** (1) The petition shall be substantially in accordance with Form 1 of this chapter. (2)

It shall be complete in itself so as fully to state the issues.
    \*    \*    \*    \*    \*
    (e) Clear and concise lettered statements of the facts upon which the petitioner relies as sustaining the assignments of error, except those assignments of error in respect of which the burden of proof by statute is placed upon the Commissioner.

by, loss of lease of premises occupied by said corporation and unit [sic] of restitution proceedings brought by lessor; and * * * incapable of obtaining because of comingling and inadequate cataloging of large volumes of books, records, belongings and effects, not destroyed by fire or otherwise lost or misplaced, all of which allegations and statements have not been, and are not, met by Respondent, as is self-evident from the reading of Paragraph 1 of Respondent's said Motion to Dismiss."

Counsel for the Internal Revenue Service, in his motion to dismiss, averred that the books and records of M.P.H. Manufacturing Corporation, bankrupt, are in the possession of Charles David Maley, 231 S. La Salle, Trustee in Bankruptcy and with the American Auction Associates, Inc., 12 N. Halsted Street, Chicago, Illinois, and that such books and records are available for inspection.

We hold that where petitioner, with a full opportunity to comply, without cause refused to conform to Rule 7, the Tax Court was authorized to dismiss her petition for failure to properly prosecute.

For these reasons, the order of the Tax Court is affirmed.

Order affirmed.