Edward MARTIN and Patricia Martin,
Petitioners,

v.

COMMISSIONER OF INTERNAL REV-
ENUE, Respondent.

Peter S. PEDERSEN, Sr., and Marion D.
Pedersen, Petitioners,

v.

COMMISSIONER OF INTERNAL REV-
ENUE, Respondent.

Peter S. PEDERSEN, Sr., Petitioner,

v.

COMMISSIONER OF INTERNAL REV-
ENUE, Respondent.

Nos. 15270–15272.

United States Court of Appeals
Seventh Circuit.

March 18, 1966.

John O'C. Fitzgerald, Chicago, Ill., for petitioners.

Richard M. Roberts, Asst. Atty. Gen., Tax Division, Joseph Kovner, Atty., Dept. of Justice, Lee A. Jackson, Harold C. Wilkenfeld, Howard J. Feldman, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before HASTINGS, Chief Judge, and CASTLE and SWYGERT, Circuit Judges.

CASTLE, Circuit Judge.

The petitioners in these consolidated cases seek reversal of orders of the Tax Court which dismissed their respective petitions for redetermination of income tax deficiencies and penalties asserted by the respondent Commissioner of Internal Revenue. The notices of deficiencies embrace the calendar years 1957 to 1961 inclusive. The Tax Court granted motions to dismiss grounded on the petitioners' failure to properly prosecute. The Commissioner had filed such a motion in each of the cases under Rule 7(a)(2) of the Rules of Practice, Tax Court of the United States (26 U.S.C.A.). The motion asserted that the petitioners had failed to set forth a clear and concise statement of the facts upon which the petitioners relied to sustain the errors assigned, and therefore the petition failed to conform to the requirements of Rule 7(c) of said Rules of Practice. Prior to the entry of the orders of dismissal the petitioners had been afforded, during a six-month period, three extensions of time in which to file amended petitions, but no amendment was filed. The orders of dismissal sustain the deficiencies and penalties as determined by the Commissioner.

Petitioners' claim of error and consequent right to the relief they seek of this Court, on review, is grounded on their contentions that (1) the Tax Court of the United States is without valid authority or existence, but represents

an unconstitutional attempt by Congress to interfere with, and infringe upon, the rights, duties and functions of the judicial branch of the government in violation of Sections 1 and 2 of Article III of the Constitution of the United States; (2) their petitions in the Tax Court assert that the facts upon which they rely as the basis for the errors claimed to exist in the Commissioner's determinations are impossible of presentation because, as petitioners are reliably informed and believe, *certain* of the books and records of the M.P.H. Manufacturing Corporation, which has been adjudged a bankrupt, have been lost, destroyed, or commingled with other records and are unavailable; and (3) in any event, their Tax Court petitions gave sufficient notice of the alleged errors claimed with respect to the deficiencies asserted.

The Tax Court of the United States, statutorily designated as "an independent agency in the Executive Branch of the Government" (26 U.S.C.A. § 7441) is created to provide an administrative forum in which a taxpayer may at his option secure a redetermination of his tax liability without prior payment of any deficiency asserted against him, and its decisions and orders are subject to judicial review. Old Colony Trust Company v. Commissioner of Internal Revenue, 279 U.S. 716, 49 S.Ct. 499, 73 L.Ed. 918; Flora v. United States, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623. A taxpayer may elect, as the petitioners did, to invoke the jurisdiction of this administrative forum rather than first pay the tax liability asserted and then sue in district court for a refund. In neither event does the procedure afforded deprive the taxpayer of ultimate recourse to the courts for proper judicial redress or impinge upon the judicial function reserved to the courts established and authorized by Article III of the Constitution. Not only does petitioners' contention that the Tax Court is without valid constitutional existence lack substance and merit, but it is also inconsistent with the relief sought. Petitioners seek in the alternative either a reversal and remandment for the purpose of requiring the tribunal they claim to be without valid existence to exercise jurisdiction to permit them to amend their petitions at this belated stage of the proceeding, or a reversal and remandment for the purpose of requiring that tribunal to permit petitioners to proceed to a hearing before it on the merits on the petitions in their present form. Their additional suggestion that if we conclude that the Tax Court is constitutionally infirm we permit amendments to the Tax Court petitions to be filed in this Court is wholly devoid of merit. It is obvious that the lack of a Tax Court would not, in any event, vest this Court with jurisdiction to hear and determine the matters on their merits.

Except that different taxpayers-shareholders of the M.P.H. Manufacturing Corporation, and two additional taxable years, are here involved, the material facts [1] and the legal criteria pertinent to a determination of the validity of petitioners' two remaining contentions, upon which they predicate claims of Tax Court error, are substantially identical with those considered and adjudicated by this Court in its recent decision in Waldweiler v. Commissioner of Internal Revenue, 7 Cir., 351 F.2d 587. As to these phases of petitioners' cases Waldweiler represents the law of this Circuit, is a controlling precedent, and is fully dispositive of the petitioners' contentions. The orders of the Tax Court are therefore affirmed.

Orders affirmed.

---

1. Here, as in *Waldweiler*, counsel for the Internal Revenue Service made averments, undenied by petitioners, with respect to the existence and availability of the corporate books and records.