**352**

**NEW ORLEANS BOOK MART, INC.,
et al., Plaintiffs,**

v.

**John N. MITCHELL, Attorney General
of the United States, et al., Defendants.**

**No. 70–448–Civ–J.**

United States District Court,
M. D. Florida,
Jacksonville Division.

Oct. 16, 1970.

Norman J. Abood, Abood & Hazouri, Jacksonville, Fla., Robert Eugene Smith, Towson, Md., Jack Peebles, Metairie, La., for plaintiffs.

John L. Briggs, U. S. Atty., by John D. Roberts, Asst. U. S. Atty., Larry E. Butcher, Criminal Division, Dept. of Justice, Washington, D. C., for defendants.

## OPINION–ORDER

Before SIMPSON, Circuit Judge, and McRAE and YOUNG, District Judges.

### BY THE COURT:

In this action the plaintiffs, all under indictment in various districts for violation of federal obscenity statutes (Title 18, U.S.C. §§ 1461–1465), request injunctive relief prohibiting the prosecution if the pending indictments and the bringing of future indictments against the plaintiffs, as well as a declaration that the above-mentioned statutes are unconstitutional as written and applied.

█ The defendants move to dismiss the action on the grounds that the plaintiffs have an adequate remedy at law, i. e., the right to raise the attacks here made on the statute in defense to the criminal charges filed against them. We agree and have accordingly determined that the motion to dismiss should be granted. Douglas v. City of Jeannette, 319 U.S. 157, 163, 63 S.Ct. 877, 87 L.Ed. 1324 (1943).

This ruling is not inconsistent with Reed Enterprises v. Corcoran, 1965, 122 U.S.App.D.C. 387, 354 F.2d 519. In that case it was merely held that a three-judge district court was required to be empaneled to consider the claims of the plaintiffs. This we have done.

Having determined that this is not a proper case for injunctive relief, neither are we disposed to make a declaration of rights which cannot be enforced in the instant litigation. Zwickler v. Koota, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967), is not inapposite to our refusal to grant declaratory judgment. That case turned in part on the fact that the denial of declaratory relief would

have deprived the plaintiffs the right to have federal rights determined in a federal forum. Such is not the present case, where the plaintiffs have been indicted in courts of the United States.

■ It should be made explicit that by our refusal to grant declaratory relief we do not intend to preclude the plaintiffs from making future application to an appropriate single judge of a district court for declaratory relief. Title 28, U.S.C., § 2282 only requires the empaneling of a three-judge court to consider a request for injunctive relief against the enforcement of a statute of the United States. A single district judge may interpret a statute of the United States and grant declaratory judgment when injunctive relief is not requested. See Kennedy v. Mendoza-Martinez, 372 U.S. 144, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963); Brotherhood of Locomotive Firemen and Enginemen v. Chicago, B. & Q. R. Co., (D.C.D.C.1964) 225 F.Supp. 11, affirmed 118 U.S.App.D.C. 100, 331 F.2d 1020, cert. denied 377 U.S. 918, 84 S.Ct. 1181, 12 L.Ed.2d 187.

Therefore, it is ordered:

1. The defendants' motion to dismiss is granted, and this action is dismissed with prejudice as to the request for injunctive relief, and without prejudice as to the request for declaratory judgment.

2. Costs shall be taxed against the plaintiffs.

WILLIAM A. McRAE, Jr., District Judge (dissenting):

I respectfully dissent from the dismissal, without hearing on evidence or law, of the plaintiffs' prayer for injunctive relief under 28 U.S.C. § 2282 from the operation of federal obscenity statutes, 18 U.S.C. §§ 1461–1465.

The basis for the dismissal of the prayer for injunctive relief is that "the plaintiffs have an adequate remedy at law, i. e., the right to raise the attacks here made on the statute in defense to the criminal charges filed against them,"

citing Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324 (1943). It is clear, however, that the "remedy" of a criminal defense is not adequate to afford plaintiffs the relief to which they are entitled if they succeed. The omni-present threat of future prosecutions under this statute, attacked as unconstitutional on its face, will not be alleviated by the knowledge that a criminal defense can repeatedly be made in every case. Moreover, this chilling effect of multiple prosecutions, both present and future in various jurisdictions throughout the country, will inhibit free access by the public to presumptively protected expression, and this chilling effect, *per se*, constitutes irreparable injury to first amendment freedoms. Sheridan v. Garrison, 415 F.2d 699, 709 (5th Cir. 1969), cert. denied, 396 U.S. 1040, 90 S.Ct. 685, 24 L.Ed.2d 685 (1970).

The lack of an adequate remedy at law in a first amendment case to cure the chilling effects of multiple prosecutions already begun (here there are seven indictments with forty-two counts) or threatened in the future was recognized by the court in Reed Enterprises v. Corcoran, 122 U.S.App.D.C. 387, 354 F.2d 519, 521–522 (1965):

The traditional basis for injunctive relief is, of course, irreparable harm and inadequacy of legal remedies. * *

\* \* \* \* \* \*

Petitioners allege that the multiplicity of legal proceedings which the Government intends to bring will destroy their businesses, exhaust their financial resources, and make it impossible to defend themselves. In argument and brief they point to the fact that they are already under indictment far from their homes and businesses, and cite other cases where a single publisher has been charged under the same statutes in several different places. If these allegations can be supported by evidence, irreparable damage appears patent.

The Government's suggestion that petitioners have an adequate remedy

at law in the criminal proceedings now pending against them, while perhaps appropriate in cases outside the First Amendment area where a single prosecution is contemplated, is unavailing here. The Government has not even denied that it contemplates multiple prosecutions. * * * Moreover, under some circumstances even a single "criminal prosecution under a statute regulating expression usually involves imponderables and contingencies that themselves may inhibit the full exercise of First Amendment freedoms. * * * The assumption that defense of a criminal prosecution will generally assure ample vindication of constitutional rights is unfounded in such cases." Dombrowski v. Pfister, supra, 380 U.S. [479], at 486, 85 S.Ct. [1116], at 1120, [14 L.Ed.2d 22].

Even if this panel had determined that a preliminary injunction of the *pending* criminal cases was inappropriate under Douglas v. City of Jeannette, *supra*, it does not follow that a permanent injunction of future prosecutions is unavailable in the event plaintiffs succeed in their multi-faceted attack on the statutes. Such a partial injunction would at least prevent the reoccurrence of alleged harassment during a direct appeal to the Supreme Court, and it would provide interim protection to the large class of other persons who may be chilled by the statutes' provisions.

Only the present action seeking an injunction can provide the complete relief sought and can do so in a single proceeding. Injunctive relief is properly denied only where "the legal remedy [is] as complete, practical and efficient as that which equity could afford." Terrace v. Thompson, 263 U.S. 197, 214, 44 S.Ct. 15, 17, 68 L.Ed. 255 (1923).

In addition to the clear and compelling reasons for affording plaintiffs an opportunity to establish their claim to equitable relief and the first amendment nature of their claims, there are several practical reasons for proceeding to hear the case at this time. The interests of judicial efficiency would seem to dictate that a single consideration by the three-judge panel, with right of direct appeal to the United States Supreme Court, is more expeditious than the consideration of multiple defenses in several criminal prosecutions. Also, the criminal prosecutions may result in dismissal or acquittal without a determination of the validity of these statutes and their alleged chilling effects on first amendment rights. *E. g.*, Stamler v. Willis, 415 F.2d 1365 (7th Cir. 1969). Furthermore, a criminal prosecution, or, as here, several prosecutions, may take years of litigation on matters extraneous to the constitutional validity of these provisions. Finally, at the time of dismissal, this case is ready for hearing, witnesses have been notified, judges' calendars have been cleared, and the attorneys for both sides are prepared to go forward. The dismissal can only mean a waste of the time and expense put into this case by three judges, the parties and counsel, and a further duplication of judicial effort in subsequent civil and criminal actions.

The order of dismissal also denied declaratory relief in this case and declined to remand the case to the initiating judge for disposition of the prayer for the declaratory judgment. The order of dismissal does not, however, preclude another suit to request such relief, and does not purport to rule on the merits of plaintiffs' several contentions. It would have been more efficient and expeditious to have remanded that part of the case for disposition to a single district judge.[1]

1. See the excellent opinion of Judge Rives in Grove Press, Inc. v. Bailey, 318 F. Supp. 244 (N.D.Ala., August 14, 1970) (dissent) (regarding the justification of declaratory relief where injunctive relief is denied).