340 F.Supp. 4 (1972)
STIX FRIEDMAN & CO., Inc., Plaintiff,
v.
Eugene C. COYLE, Jr., District Director of Internal Revenue, Defendant.
No. 71 C 735(1).
United States District Court, E. D. Missouri, E. D.
April 7, 1972.
Henry C. Lowenhaupt and Richard D. FitzGibbon, Lowenhaupt, Chasnoff, Freeman, Holland & Mellitz, St. Louis, Mo., for plaintiff.
Daniel Bartlett, Jr., U. S. Atty., St. Louis, Mo., Richard F. Mitchell, Trial Atty., Tax Div., Dept. of Justice, Washington, D. C., for defendant.

MEMORANDUM
MEREDITH, Chief Judge.
This matter is before the Court on defendant's motion to dismiss for lack of *5 jurisdiction and for failure to state a claim upon which relief can be granted. Plaintiff seeks injunctive and declaratory relief against the District Director of Internal Revenue.
The history of this litigation is as follows: In August 1969 the Commissioner of Internal Revenue served a statutory notice of deficiency upon the plaintiff for its tax years 1965 and 1966. On September 22, 1969, plaintiff filed a petition in the Tax Court of the United States for a redetermination of these deficiencies.
Under the Tax Reform Act of 1969, enacted December 30, 1969, the Tax Court ceased to be an independent agency of the Executive Branch of the Government and became the United States Tax Court, established under Article I of the Constitution.
On July 21, 1970, the plaintiff filed a motion in the United States Tax Court requesting it to take no further action for the reason that the statutes altering the status of the Tax Court are unconstitutional. On December 16, 1971, the United States Tax Court held that the applicable statutes of the 1969 Act are, in fact, constitutional and that the motion should be denied.
On November 26, 1971, plaintiff commenced this action against the District Director of Internal Revenue in state court to enjoin the assessment or collection of certain federal taxes and to seek a judicial determination of its tax liability. Defendant removed the action to this Court, pursuant to Title 28 U.S.C. § 1442(a). Subsequent to removal, plaintiff has made application to this Court for a three-judge court, submitting that its action calls for the enjoinment of an Act of Congress which plaintiff has alleged to be unconstitutional.
In support of his motion to dismiss defendant contends that (1) the suit in question is against the United States and the United States has not waived its sovereign immunity; (2) the claim is one to enjoin the assessment or collection of federal taxes and such claim is barred by 26 U.S.C. § 7421; (3) the claim is one for a declaratory judgment as to federal taxes and such claim is specifically barred by 28 U.S.C. § 2201; and (4) there is no merit to plaintiff's assertion that the United States Tax Court is an unconstitutional body.
Count I of plaintiff's petition requests an injunction to restrain the assertion, assessment, and collection of any federal tax deficiencies for the years 1965 or 1966.
Title 26, U.S.C. § 7421(a), provides in pertinent part:
"Except as provided in sections 6212(a) and (c), 6213(a), and 7426(a) and (b) (1), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, ..."
Plaintiff contends that injunctive relief is not barred in this case by the above statute in that its claim falls within the 6213(a) exception.
Title 26, U.S.C. § 6213(a), provides in pertinent part:
"... Except as otherwise provided in section 6861 no assessment of a deficiency in respect of any tax imposed by subtitle A or B or chapter 42 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted ... if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court."
Plaintiff's contention is without merit as this is not an action to enjoin any additional assessment, levy, or beginning of a legal proceeding while plaintiff's petition is in tax court, but concerns the matter presently pending.
Plaintiff further contends that it falls within an equitable exception to 26 U.S. C. § 7421(a).
*6 The Courts have held that under extraordinary circumstances, injunctive relief may be granted despite the general bar of 26 U.S.C. § 7421(a). Enochs, District Director of Internal Revenue v. Williams Packing & Navigation Co., Inc., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962); Miller, Collector of Internal Revenue v. Standard Nut Margerine Co. of Florida, 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422 (1932). As stated in Enochs, supra, 370 U.S. at 7, 82 S.Ct. at 1129: "... if it is clear that under no circumstances could the Government ultimately prevail, the central purpose of the Act [7421(a)] is inapplicable and, ... the attempted collection may be enjoined if equity jurisdiction otherwise exists."
It is the opinion of this Court that plaintiff does not fall within this limited exception to 26 U.S.C. § 7421(a), which, therefore, acts as a bar to plaintiff's claim for injunctive relief.
Count II of plaintiff's petition requests the Court to hear and determine the amount, if any, of its deficiency in federal income taxes for the years 1965 and 1966. Thus, plaintiff seeks a declaratory judgment as to a federal tax matter.
28 U.S.C. § 2201 provides in pertinent part:
"In a case of actual controversy within its jurisdiction, except with respect to Federal taxes, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."
Thus, plaintiff's action for a declaratory judgment as to a Federal tax matter is specifically prohibited by the above statute. See Singleton v. Mathis, 284 F.2d 616 (8th Cir. 1960).
Plaintiff has made application to this Court for a three-judge court in that the petition prays and applies for an injunction restraining the enforcement of an Act of Congress on the ground of repugnance to the Constitution. More specifically, plaintiff alleges that the United States Tax Court is an unconstitutional body as organized under the Tax Reform Act of 1969.
When a district court is petitioned to convene a three-judge court under 28 U.S.C. § 2284, because of the alleged unconstitutionality of state (28 U.S.C. § 2281) or Federal (28 U.S.C. § 2282) statute, the district judge must dismiss the petition if the claim of unconstitutionality is insubstantial. Swift & Co. v. Wickham, 382 U.S. 111, 86 S.Ct. 258, 15 L.Ed.2d 194 (1965); Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962); California Water Service Co. v. Redding, 304 U.S. 252, 58 S.Ct. 865, 82 L.Ed. 1323 (1938); Ex Parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933); Herald Co. v. Harper, 410 F.2d 125 (8th Cir. 1969); Johns v. Redeker, 406 F.2d 878 (8th Cir. 1969), cert. den. sub nom. Twist v. Redeker, 396 U.S. 853, 90 S.Ct. 113, 24 L. Ed.2d 102 (1969).
In California Water Service Co. v. Redding, supra, 304 U.S. at 255, 58 S.Ct. at 867, the United States Supreme Court held that "The lack of substantiality in a federal question may appear either because it is obviously without merit or because its unsoundness so clearly results from the previous decisions of this Court as to foreclose the subject." In the instant case, both criteria are present. The constitutionality of the Tax Court has been explicitly sustained before the enactment of the 1969 statute. See, e. g., Nash Miami Motors, Inc. v. Commissioner of Internal Revenue, 358 F.2d 636 (5th Cir. 1966), cert. den. 385 U.S. 918, 87 S.Ct. 227, 17 L.Ed.2d 142 (1966); Martin v. Commissioner of Internal Revenue, 358 F.2d 63 (7th Cir. 1966), cert. den. 385 U.S. 920, 87 S.Ct. 231, 17 L.Ed.2d 144 (1966); Willmut Gas & Oil Co. v. Fly, 322 F.2d 301 (5th Cir. 1963), cert. den. 375 U.S. 984, 84 S. Ct. 518, 11 L.Ed.2d 473 (1964).
The 1969 legislation changed the status of the Tax Court from an "independent agency in the Executive Branch of *7 the Government" to a "court of record" established "under Article I of the Constitution of the United States". Courts have long recognized the authority of Congress to establish specialized courts or courts of limited jurisdiction outside the authority of Article III of the Constitution. See Williams v. United States, 289 U.S. 553, 53 S.Ct. 751, 77 L. Ed. 1372 (1933); Ex Parte Bakelite Corporation, 279 U.S. 438, 49 S.Ct. 411, 73 L.Ed. 789 (1929).
Thus, it is the opinion of this Court that there is no substantial constitutional question involved which would justify the convening of a three-judge court, and the application must be dismissed.
In light of the foregoing, plaintiff's claim for injunctive and declaratory relief are specifically prohibited, and defendant's motion to dismiss will be granted.