Joseph R. **THOMPSON**, Appellant,

v.

David E. **GROSHENS** and Elmer Lentz.

No. 72–1517.

United States Court of Appeals,
Third Circuit.

Argued March 6, 1973.

Decided March 6, 1973.

E. J. O'Halloran, Philadelphia, Pa., for appellant.

Cecil Maidman, Asst. Atty. Gen., Herman Rosenberger, 2nd, Dante Mattioni, Philadelphia, Pa., J. Shane Creamer, Atty. Gen., Harrisburg, Pa., for appellee, David E. Groshens.

John A. Lord, Philadelphia, Pa., for appellee, Elmer Lentz.

Before GIBBONS and HUNTER, Circuit Judges and MUIR, District Judge.

## OPINION OF THE COURT

PER CURIAM:

This is an appeal from an order of the district court which denied appellant's motion for the convening of a three-judge district court and dismissed his complaint, 342 F.Supp. 516. The complaint alleges that Pa.Stat.Ann. tit. 18, § 4733, which provides a summary remedy against husbands for support of a wife and children, is unconstitutional. Proceedings brought pursuant to the Pennsylvania statute are pending in the Montgomery County Court of Common Pleas. In an earlier stage of the Commonwealth nonsupport proceeding the appellant made the same challenges to the constitutionality of the Pennsylvania statute as are here presented. They were rejected in the Common Pleas Court and on appeal to the Pennsylvania Superior Court. The Supreme Court denied certiorari. *See* Thompson v. Thompson, 217 Pa.Super. 874, 272 A.2d 189 (1970) (per curiam), appeal dismissed and cert. denied, 405 U.S. 971, 92 S.Ct. 1191, 31 L.Ed.2d 245 (1972).

While the nonsupport case was pending on appeal the appellant's wife filed a petition in the Court of Common Pleas seeking an increase in support payments. Since his constitutional attack had already been rejected by the Court of Common Pleas, appellant sought, by this injunction action against the Judge and the Chief Domestic Relations Officer of the Court, to collaterally attack the earlier judgment in a federal court proceeding.

In ruling on a motion to convene a three-judge district court, the inquiries of a single district judge are limited to (1) whether the constitutional challenge to the statute is substantial, and (2) whether the complaint alleges a basis for equitable relief. Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U. S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962) (per curiam). In deciding the second question the district court's inquiry is properly at least as probing as in its determination of the first. Majuri v. United States, 431 F.2d 469 (3d Cir.), cert. denied, 400 U.S. 943, 91 S.Ct. 245, 27 L.Ed.2d 248 (1970); *cf.* Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Here the pleadings before the district court established that the appellant had been afforded a full opportunity to litigate his constitutional contentions in the Pennsylvania courts, and had lost. A complaint alleging that he should be permitted to relitigate those contentions in a federal injunction action does not state a basis for equitable relief. Certainly no injunction could issue enjoining on constitutional grounds the enforcement of a statute in face of a decision, binding on this apellant, that the statute is constitutional. The complaint, therefore, was properly dismissed by a single district court judge.

In view of the foregoing we have no occasion to pass upon the additional grounds for dismissing the complaint set forth in the opinion of the district court, except to note that we do not agree with those parts of that opinion referring to lack of jurisdiction. A dismissal of the action with prejudice would not have been proper if the court lacked jurisdiction.