See also, D.C., 376 F.Supp. 494.

**Raymond M. HARTMAN, Plaintiff,**

v.

**C. Dudley SWITZER, District Director of Internal Revenue, et al., Defendants.**

Civ. A. No. 73–788.

United States District Court,
W. D. Pennsylvania.

May 21, 1974.

Raymond M. Hartman, pro se.

Robert Sevilla, Tax Div., Dept. of Justice, Washington, D. C., for defendants.

## OPINION

JOHN L. MILLER, District Judge.

Now pending before the Court is the government's motion to dismiss plaintiff's complaint requesting a three-judge district court and other relief on the grounds of failure to state a claim upon which relief can be granted and the Court is without subject matter jurisdiction.

A brief statement of the history of this litigation is necessary to our disposition of the government's motion. The plaintiff, Raymond M. Hartman, by letter dated June 19, 1972, from the District Director, Internal Revenue Service, was advised of income tax deficiencies for the tax years ending December 31, 1969, and December 31, 1970. This letter of June 19, 1972, was the formal notice of deficiency or ninety-day letter which permitted the taxpayer to contest the alleged deficiency in the United States Tax Court by filing his petition within ninety days. On September 18, 1972, the taxpayer filed a petition with the Tax Court. The proceedings in the Tax Court pertaining to the income tax deficiencies were continued by that Court on motion pending disposition of the matter sub judice. Subsequently on July 20, 1973, the District Director noticed the taxpayer as is delinquent in his federal employment tax for the calendar years 1970, 1971 and 1972 on the remuneration paid to an employee. The taxpayer next filed his complaint and petition in this Court requesting a three-judge district court enjoin the defendants from enforcing the revenue laws of the United States, Title 26 U.S. C.A., and the regulations promulgated thereunder and a declaratory judgment they are unconstitutional.

Because 28 U.S.C.A. § 2282 [1] expressly forbids a single district judge from enjoining the application of a fed-

---

1. 28 U.S.C.A. § 2282 provides: "An interlocutory or permanent injunction restraining the enforcement, operation or execution of any Act of Congress for repugnance to the Constitution of the United States shall not be granted by any district court or judge thereof unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title."

eral statute and the complaint and petition seeks this sort of relief, it becomes this Court's duty to look beyond the prayer for relief to the substantive allegations of the complaint, to consider the substantiality of the constitutional issues raised by Mr. Hartman, whether the complaint at least formally alleges a basis for equitable relief and whether the case presented otherwise comes within the requirements of a three-judge district court. Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962); Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L. Ed. 152 (1933); Majuri v. United States, 431 F.2d 469 (3 Cir. 1970) cert. den. 400 U.S. 943, 91 S.Ct. 245, 27 L. Ed.2d 248 (1970); Thompson v. Groshens, 475 F.2d 127 (3 Cir. 1973).

The allegations in the plaintiff's complaint are very broad. Among them, he avers the information requested upon the form 1040 and schedules infringes upon his Fifth Amendment right against self-incrimination;[2] the Tax Court is unconstitutional and incapable of exercising lawful jurisdiction for any purpose; Title 26 U.S.C.A. is unconstitutional by denying equal protection of the laws; the operation of the Internal Revenue Code as presently administered is in violation of the Fifth Amendment; the defendants are threatening to make and file a deficiency assessment; that the proposed assessment[3] and notice of deficiency is not based upon law or fact or a Constitutional money system; that the alleged assessment is not based upon the monies of account of the United States or upon Legal tender—Gold and Silver Coin—but is unconstitutionally determined on the basis of unlawful fiat paper money; U.S. Citizens are not permitted to own gold under the provisions of Title 31, U.S.C.A. and these sections are unconstitutional and make it impossible for citizens to exercise their Constitutional rights to coin money out of gold and silver so as to pay their debts to individuals and to the States in compliance with Article I, Section 10 of the Constitution. Plaintiff's complaint continues for approximately twelve pages wherein his strong dislike and belief in the unconstitutionality of the federal money system, Internal Revenue Laws and Tax Court become evident.

■ During argument on its motion to dismiss, the government further asserted 26 U.S.C.A. § 7421(a),[4] in support of the motion, maintaining the legislation withdraws jurisdiction from federal courts to entertain suits seeking injunctions prohibiting the collection of federal taxes. Plaintiff contends that injunctive relief is not barred in this case and cites 26 U.S.C.A. § 7426(b)(2)(B) and (C) to the Court as an exception to the bar.[5] He concedes, however, these sections pertain to actions by persons other than the taxpayer and then asserts they also are unconstitutional.[6] While it is true courts have held that under extraordinary circumstances injunctive relief may be granted despite the general bar of 26 U.S.C.A. § 7421(a), Enochs, District Director of Internal Revenue v. Williams Packing & Navigation Co., Inc., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962); Miller, Collector of Internal Revenue v. Standard Nut Margarine Co. of Florida, 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422 (1932), this is not an action to come within the exceptions provided in 26 U.

---

2. At Civil Action No. 73–0765, plaintiff has requested convening a three-judge court to *similarly declare unconstitutional 26 U.S.C.A.* and enjoin its enforcement on numerous grounds including this ground.

3. There is no evidence of the Internal Revenue Service's assessing the taxpayer for the alleged taxes owned for the years in question. On the contrary the government denies such action. Tr. p. 4.

4. This section provides in relevant part that " . . . no suit for the purpose of *restraining the assessment or collection of any tax* shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."

5. Tr. p. 9.

6. Tr. p. 12.

S.C.A. § 7421(a), i. e., to enjoin any additional assessment, levy, or beginning of a legal proceeding while plaintiff's petition is in the Tax Court. Plaintiff's contention is without merit for section 7421(a) prevents Mr. Hartman from maintaining an injunction action to bar the collection of taxes. Jules Hairstylists of Maryland v. United States, 268 F. Supp. 511 (Md.1967) aff'd, 389 F.2d 389 (4 Cir. 1968) cert. den. 391 U.S. 934, 88 S.Ct. 1847, 20 L.Ed.2d 854 (1968). This section was enacted to permit the United States to lay and collect taxes with a minimum of interference. The Circuit Court of Appeals observed in Iannelli v. Long, 487 F.2d 317, 318 (3 Cir. 1973), ". . . bona fide efforts to collect taxes through lawful procedure are the very undertakings that Congress has protected through the enactment of section 7421(a) against frustration or delay by litigation." Furthermore, a basis for equitable relief in this action is lacking as dissatisfied taxpayers are provided by Congress with two remedies for obtaining judicial review namely, actions for refunds, 28 U.S.C.A. § 1346(a)(1) in the Federal District Courts and suits for redetermination of deficiencies in income, gifts, or estate taxes in the Tax Court, 26 U.S.C.A. § 6512. Enochs, District Director of Internal Revenue v. Williams Packing & Navigation Co., Inc., supra; Enterprises Unlimited, Inc. v. Davis, 340 F.2d 472 (9 Cir. 1965); Hamilton v. United States, 309 F.Supp. 468 (S.D.N.Y.1969) aff'd, 429 F.2d 427 (2 Cir. 1970). It is beyond question that where an adequate remedy at law exists equitable relief will not be granted. Accord Iacona v. United States, 343 F.Supp. 600 (E.D.Pa.1972); Majuri v. United States, supra; New Orleans Book Mart, Inc. v. Mitchell, 318 F.Supp. 352 (M.D.Fla.1970), aff'd 401 U.S. 968, 91 S.Ct. 1199, 28 L.Ed.2d 319 (1970). And "it is no longer open to question that a suit may not be brought to enjoin the assessment or collection of a tax because of the alleged unconstitutionality of the statute imposing it." Dodge v. Osborn, 240 U.S. 118, 121, 36 S.Ct. 275, 276, 60 L.Ed. 557 (1916) and cases cited therein. See Collins v. Daly, 437 F.2d 736 (7 Cir. 1971).

We have already mentioned that the type of relief the plaintiff requests is declaratory and in view of the plain wording of the declaratory judgment act [7] must be denied. As was observed by Chief Judge Bazelon in McGlotten v. Connally, 338 F.Supp. 448, 452–453 (D. C.1972) ". . . the scope of this exception [§ 2201] is coterminous with the breadth of the Tax Injunction Act, 26 U.S.C. § 7421(a), [Footnote omitted] which forbids enjoining the collection or assessment of any tax." In view of the prohibition contained in section 2201, the plaintiff's action for a declaratory judgment as to a federal tax matter is specifically prohibited. See Jolles Foundation v. Moysey, 250 F.2d 166 (2 Cir. 1957); United States v. Teitelbaum, 342 F.2d 672 (7 Cir. 1965) cert. den. 382 U. S. 831, 86 S.Ct. 71, 15 L.Ed.2d 75 (1965); Mitchell v. Riddell, 402 F.2d 842 (9 Cir. 1968) cert. den. 394 U.S. 456, 89 S.Ct. 1223, 22 L.Ed.2d 415 (1969); Laing v. United States, 364 F. Supp. 469 (D.Vt.1973).

We next consider the plaintiff's claims of constitutional violations which we believe to be frivolous on their face. First the validity of the first income tax act under the Sixteenth Amendment to the Federal Constitution was sustained as against a multitude of objections in Brushaber v. Union Pac. R. Co., 240 U.S. 1, 36 S.Ct. 236, 60 L.Ed. 493 (1915). Likewise, the power to levy has long been held constitutional, Phillips v. Commissioner of Internal Revenue, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289 (1931). The constitutionality of the Tax Court has been explicitly sustained before the enactment of the 1969 statute. See e. g., Nash Miami Motors,

---

7. 28 U.S.C.A. § 2201 provides in pertinent part " * * * any court of the United States * * * may declare the rights and other legal relations of any interested party seeking such declaration" * * * "except *with respect to Federal taxes.*"

Inc. v. Commissioner of Internal Revenue, 358 F.2d 636 (5 Cir. 1966) cert. den. 385 U.S. 918, 87 S.Ct. 227, 17 L.Ed.2d 142 (1966) ; Martin v. Commissioner of Internal Revenue, 358 F.2d 63 (7 Cir. 1966) cert. den. 385 U.S. 920, 87 S.Ct. 231, 17 L.Ed.2d 144 (1966) ; Willmut Gas & Oil Co. v. Fly, 322 F.2d 301 (5 Cir. 1963) cert. den. 375 U.S. 984, 84 S.Ct. 518, 11 L.Ed.2d 473 (1964). The 1969 legislation altered the status of the Tax Court from an "independent agency in the Executive Branch of the Government" to a "court of record" established "under Article I of the Constitution of the United States." The authority of Congress to establish specialized courts or courts of limited jurisdiction outside of the authority of Article III of the Constitution has long been recognized. See Williams v. United States, 289 U.S. 553, 53 S.Ct. 751, 77 L.Ed. 1372 (1933) ; Ex Parte Bakelite Corporation, 279 U.S. 438, 49 S.Ct. 411, 73 L.Ed. 789 (1929). The claim that legal tender is only gold and silver and the money system of the United States is unconstitutional is clearly spurious. United States v. Porth, 426 F.2d 519 (10 Cir. 1970) cert. den. 400 U.S. 824, 91 S.Ct. 47, 27 L.Ed. 2d 53 (1970) ; United States v. Daly, 481 F.2d 28 (8 Cir. 1973) cert. den. 414 U.S. 897, 94 S.Ct. 235, 38 L.Ed.2d 144 (1973) ; cf. Daly v. United States, 393 F.2d 873 (8 Cir. 1968). Another contention is that the exception in respect to federal taxes contained in 28 U.S.C.A. § 2201 unconstitutionally deprives plaintiff of due process by denying judicial review. This claim is likewise without merit for no constitutional issue is involved. The declaratory judgment Act is a creature of statute, and, as observed by the Supreme Court in United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 770, 85 L.Ed. 1058 (1941), "The United States, as sovereign, is immune from suit save as it consents to be sued, United States v. Thompson, 98 U.S. 486, 25 L.Ed. 194; United States v. Lee, 106 U.S. 196, 1 S.Ct. 240, 27 L.Ed. 171; Kansas v. United States, 204 U.S. 331, 27 S.Ct. 388, 51 L.Ed. 510; Minnesota v. United States, 305 U.S. 382, 387, 59 S. Ct. 292, 294, 83 L.Ed. 235; Keifer & Keifer v. Reconstruction Finance Corp., 306 U.S. 381, 388, 59 S.Ct. 516, 517, 83 L.Ed. 784; United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888. See cases cited in The Pesaro, D.C., 277 F. 473, 474 et seq., and the terms of its consent to be sued in any court defined that court's jurisdiction to entertain the suit."

The plaintiff also contends that to answer or provide *any information* requested upon the government blank form 1040 or schedules infringes upon his Fifth Amendment rights against self-incrimination and he objects to *each and every question* save his name, address and execution of the signature block. A claim of privilege against self-incrimination in this context does not necessitate the convening of a three-judge district court. However, if it is plaintiff's claim that he possesses a constitutional right under the Fifth Amendment not to file an income tax return, then his theory is an extreme application of the privilege and one which has been rejected since United States v. Sullivan, 274 U.S. 259, 47 S.Ct. 607, 71 L.Ed. 1037 (1927). There is no constitutional right to refuse to file an income tax return because of the Fifth Amendment. See California v. Byers, 402 U.S. 424, 91 S.Ct. 1535, 29 L.Ed.2d 9 (1971) ; California Bankers Assn. v. Shultz, Secretary of the Treasury, —— U.S. ——, 94 S.Ct. 1494, 39 L.Ed.2d 812 (decided April 1, 1974) ; United States v. Daly, 481 F.2d 28 (8 Cir. 1973) cert. den. 414 U.S. 897, 94 S.Ct. 235, 38 L.Ed. 2d 144 (1973) ; United States v. Egan, 459 F.2d 997 (2 Cir. 1972) cert. den. 409 U.S. 875, 93 S.Ct. 123, 34 L.Ed.2d 127 (1972) ; United States v. Ming, 466 F. 2d 1000 (7 Cir. 1972) cert. den. 409 U.S. 915, 93 S.Ct. 235, 34 L.Ed.2d 176 (1972) ; United States v. Johnson, 460 F.2d 20 (9 Cir. 1972) ; United States v. MacLeod, 436 F.2d 947 (8 Cir. 1971) cert. den. 402 U.S. 907, 91 S.Ct. 1378, 28 L.Ed.2d 647 (1971) reh. den. 402 U.S. 990, 91 S.Ct. 1659, 29 L.Ed.2d 157

(1971); United States v. Porth, 426 F. 2d 519 (10 Cir. 1970) cert. den. 400 U.S. 824, 91 S.Ct. 47, 27 L.Ed.2d 53 (1970); United States v. Acker, 415 F.2d 328 (6 Cir. 1969) cert. den. 396 U.S. 1003, 90 S.Ct. 553, 24 L.Ed.2d 495 (1969), reh. den. 397 U.S. 958, 90 S.Ct. 940, 25 L. Ed.2d 144 (1969); United States v. Carlson, 260 F.Supp. 423 (S.D.N.Y. 1966); United States v. Smith, 484 F.2d 8 (10 Cir. 1973) and Heligman v. United States, 407 F.2d 448 (8 Cir. 1969) cert. den. 395 U.S. 977, 89 S.Ct. 2129, 23 L. Ed.2d 765 (1969) where the Court commented:

> "It belabors the obvious to point out that the purpose of the tax laws is to raise public funds, that adequate operation of the taxing procedures is vital to the well-being of this country, and that the basic purpose of the tax laws is not to punish extraneous crimes but to assess and collect revenue. Offenses for violations of the tax laws are, of course, set up as a necessary enforcement measure. Our income tax system is to a large extent predicated upon the voluntary disclosure of taxable income. The operation of this system is of crucial concern to the nation. The public need for requiring voluntary disclosures of income transcends any personal right to thwart national objectives by allowing an undisclosed self-determination of possible incrimination, thus excusing compliance with the income tax laws. We, therefore, hold that the Fifth Amendment privilege against incrimination does not extend to defendant's failure to file or cause to be filed the corporate tax returns * * *." 407 F.2d at page 451.

In California v. Byers, 402 U.S. 424, 91 S.Ct. 1535, 29 L.Ed.2d 9 (1970), the Court analyzed the issue of compelled disclosure with incriminating potential "in terms of balancing the public need on the one hand, and the individual claim to constitutional protections on the other * * *." Chief Justice Burger speaking for the Court observed:

> "An organized society imposes many burdens on its constituents. *It commands the filing of tax returns for income*; it requires producers and distributors of consumer goods to file informational reports on the manufacturing process and the content of products, on the wages, hours, and working conditions of employees. Those who borrow money on the public market or issue securities for sale to the public must file various information reports; industries must report periodically the volume and content of pollutants discharged into our waters and atmosphere. Comparable examples are legion. [Footnote omitted]

> In each of these situations there is some possibility of prosecution—often a very real one—for criminal offenses disclosed by or deriving from the information that the law compels a person to supply. Information revealed by these reports could well be 'a link in the chain' of evidence leading to prosecution and conviction. *But under our holdings the mere possibility of incrimination is insufficient to defeat the strong policies in favor of a disclosure called for by statutes like the one challenged here.*" Id. 427–428. (Emphasis added.)

In conjunction with plaintiff's hypothesis, a novel claim paralleling his was considered in Stoltzfus v. United States, 264 F.Supp. 824 (E.D.Pa.1967) aff'd 398 F.2d 1002 (3 Cir. 1968) cert. den. 393 U.S. 1020, 89 S.Ct. 627, 21 L.Ed.2d 565 (1969) wherein the taxpayer claimed his primary purpose in failing to file or pay was to avoid criminal prosecution. The district court in rejecting the claim held "acceptance in any manner of the taxpayer's avowed primary purpose . . . would thwart the operation of the revenue laws, which depend in large measure upon voluntary compliance." 264 F.Supp. at p. 828. Judge Lord observed: "[a] *taxpayer is expected to police his own records, to report promptly and in full his taxable income, and to pay the assessments which he himself*

*has initially determined to be owing.* Stoltzfus cannot justify his tax evasion by claiming that to have paid would have invited criminal prosecution for the very acts of willful defiance in which he was engaged. Such an interpretation would vitiate the deterrent effectiveness of all sanctions for tax evasion by making concealment of that evasion a justification for the evasion itself, exonerating the taxpayer from civil and criminal penalties." Id. 828 (Emphasis added).

For the foregoing reasons, the Court concludes that plaintiff's claims for injunctive and declaratory relief are specifically prohibited and that the plaintiff's constitutional claims are obviously without merit and, further, that their unsoundness so clearly results from previous decisions of the Supreme Court as to leave no room for inference that the question sought to be raised can be the subject of controversy. California Water Service Co. v. Redding, 304 U.S. 252, 58 S.Ct. 865, 82 L.Ed. 1323 (1938); see Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933). Therefore no substantial constitutional question is presented within the meaning of Title 28 U.S.C. § 2282 requiring the convening of a three judge court.

An appropriate order shall be entered.